UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andre Thomas Johnson,

        Petitioner,                            Court File No. 16-cv-3331 (JRT/LIB)

v.

**REPORT AND RECOMMENDATION**

Minnesota Department of Corrections.

        Defendant.

This matter came before the undersigned United States Magistrate Judge pursuant to a referral made in accordance with the provisions of 28 U.S.C. § 636(b) and Local Rule 72.1, and upon Petitioner Andre Thomas Johnson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Docket No. 1].

For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED** with prejudice.

## I. BACKGROUND AND STATEMENT OF FACTS

The Minnesota Court of Appeals has set forth the following facts underlying the crimes for which Petitioner Andre Thomas Johnson was convicted:

> On the night of July 6, 2012, R.B., a heroin dealer, and his acquaintance D.V. were leaving R.B.'s Saint Paul home when a man with a rifle approached them and ordered them back inside the house. Once inside, the man pointed the gun at T.C., who was inside the house. T.C. ran out the front door. The man demanded drugs and money from R.B. R.B. gave the man some money from his pocket and some heroin. When R.B. failed to produce more money and drugs, the man shot R.B. twice, shot D.V. once in his leg, and left the home. R.B. died from his wounds.
> During the investigation of R.B.'s murder, Saint Paul police identified [Thomas] as a suspect. Saint Paul Police Sergeant Sheila Lambie applied for a warrant to search Johnson's residence in Ironton, Minnesota. Sergeant Lambie

drafted the search-warrant application, the supporting affidavit, and the proposed search warrant. The supporting affidavit provided the following facts in support of probable cause. Officers learned that R.B. had been selling narcotics and that one of his associates was T.H., who lived next door. An officer interviewed T.H., and T.H. provided his home and cell phone numbers. Officers obtained T.H.'s home phone records and learned that just prior to and shortly after the murder, there were calls between T.H.'s home phone and a number listed to a person named J.J. Sergeant Lambie learned that Johnson is T.H.'s nephew or cousin, and that J.J. is Johnson's mother. Johnson was convicted of aggravated assault in 1997 and had just been released from prison. Johnson's cell phone records revealed that Johnson was in Saint Paul continuously from July 6 until July 7. Johnson's parole officer told officers that Johnson was allowed to travel to the Twin Cities but he was not allowed to spend the night.

When Sergeant Lambie interviewed T.H., he denied that he knew Johnson and that he had a relative by that name. But T.H.'s wife told Sergeant Lambie that Johnson is the son of T.H.'s cousin, J.J., and that Johnson and J.J. were at her house with T.H. on the day of the murder. T.H.'s wife told the police that T.H. was in the front yard with the cordless house phone right after the murder occurred. A confidential reliable informant (CRI) told the police that T.H. stated, "[I]t was supposed to go down that way. . . ." The CRI told the police that T.H. said the murder was supposed to be a robbery.

The surviving victim, D.V., and another witness to the murder described the suspect as a black male who was wearing a wig, which was "stringy and fake looking." The suspect wore a skull cap over the wig, and the hair hung out of the bottom and sides of the skull cap. The suspect also work a black jacket or hoodie with red stripes down the arms.

The search-warrant application requested to search Johnson's address, including "any garage or shed in relation to this address," for firearms, ammunition, a wig or fake hair, a skull cap, and a black jacket or hoodie with red stripes down the arms. However, when drafting the search warrant, Sergeant Lambie mistakenly inserted the list of items to be seized in the spot designated for identification of the place to be searched. As a result, the search warrant did not describe the place to be searched. Sergeant Lambie presented the search-warrant application, the supporting affidavit, and the search warrant, which were paper-clipped together, to a district court judge, who read and signed the supporting affidavit and the search warrant, noting the date and time of his signature on both documents.

After obtaining the search warrant, Sergeant Lambie briefed the tactical team that would eventually execute the warrant. She provided the team with the warrant and the supporting affidavit, she showed the team photographs of the property's layout, and she discussed with the team the buildings on the property. The tactical team found a wig and shell casings during the ensuing search of Johnson's property. A ballistics analyst concluded that a casing found on Johnson's property was fired from the same gun as casings found at the crime scene.

> [The] State of Minnesota charged Johnson with two counts of second-degree murder for R.B.'s death, one-count of second-degree assault against D.V., and one count of second-degree assault against T.C. The case was tried to a jury, and the jury found Johnson guilty of all charges. The district court sentenced Johnson to serve 450 months in prison for one count of second-degree murder. Next, the district court sentenced Johnson to serve 60 months in prison for the assault against D.V., consecutively to the 450-month murder sentence. Lastly, the district court sentenced Johnson to serve 60 months for the assault against T.C., concurrently with the other assault sentence.
>
> Johnson appealed, and [the Minnesota State Court of Appeals] granted his request to stay the appeal and remand for postconviction proceedings. Johnson petitioned for postconviction relief, arguing that his trial counsel was ineffective because he failed to challenge the search warrant for lack of probable cause and lack of specificity regarding the place to be searched. The postconviction court held a hearing on the petition and heard testimony from Johnson's trial counsel and from Sergeant Lambie. The postconviction court denied Johnson's petition, concluding that the search warrant was based on sufficient probable cause, its failure to describe the place to be searched was cured by the attached supporting affidavit, and that Johnson's trial counsel was not ineffective.

State v. Johnson, No. A13-2125, 2015 WL 8548029, *1-2 (Minn. Ct. App. Dec. 14, 2015).

After the postconviction proceedings in Minnesota state district court concluded, the Minnesota Court of Appeals lifted the stay on Johnson's appeal and Johnson appealed the state district court's findings regarding the effectiveness of his trial counsel. Id. at *2-3. The Minnesota Court of Appeals affirmed the state district court finding that the search warrant affidavit provided a substantial basis for concluding that there was probable cause to search Johnson's property, and therefore, Johnson's trial counsel did not provide unconstitutionally ineffective assistance of counsel by failing to challenge the sufficiency of the affidavit submitted in support of the application for a search warrant. Id. at *5. Moreover, the Minnesota Court of Appeals found that under the circumstances of this case, the clerical error of omitting the address of Johnson's property from the search warrant did not create a reasonable probability that another property might be mistakenly searched, and therefore, the execution of the search warrant was not unconstitutional. Id. at *6-7. Thus, the Minnesota Court of Appeals also

3

affirmed the state district court's finding that Johnson's trial counsel did not provide unconstitutionally ineffective assistance of counsel due to counsel's failure to challenge the search warrant for lack of specificity. Id. at *7.

Johnson also argued to the Minnesota Court of Appeals that "his 'sentences must be reversed because the district court sentenced him on his second-degree murder conviction before sentencing him on his second-degree assault convictions even though the latter offenses were completed before the murder.'" Id. The Minnesota Court of Appeals agreed, and it remanded the case to the state district court for resentencing of the offenses in the order in which they occurred. Id. at *8. Because it ordered remand for resentencing, the Minnesota Court of Appeals declined to address Johnson's remaining challenge to his sentence, which was based on his assertion that "'the state failed to introduce any evidence at [his] trial that would allow the jury to find beyond a reasonable doubt that [he] had a prior qualifying offense involving a firearm to trigger the mandatory-minimum sentencing requirement in Minn. Stat. § 609.11, subd. 5(a).'" Id.

On or about January 13, 2016, Johnson filed with the Minnesota Supreme Court a petition for review of the decision of the Minnesota Court of Appeals. (Resp. Exh. 13, [Docket No. 7-2], 92-118). Johnson sought review of the Minnesota Court of Appeals' ruling regarding whether "Johnson's trial attorney was ineffective for failing to challenge the November 2012 search warrant for its lack of specificity in the place to be searched and its lack of probable cause." (Id. at 93).

On March 15, 2016, the Minnesota Supreme Court issued an order denying Johnson's petition for review. (Resp. Exh. 15, [Docket No. 7-2], 115). Therefore, on May 16, 2016, the Clerk of the Appellate Courts entered judgment affirming the district court in part, reversing in part, and remanding for resentencing. (Resp. Exh. 16, [Docket No. 7-2], 117).

On October 3, 2016, Johnson, at this point a Minnesota state correctional facility inmate, filed in this Court a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ([Docket No. 1]). In his Petition, Johnson asserts three grounds for granting the Writ: (1) ineffective assistance of trial counsel for failure to challenge the search warrant for insufficient specificity and particularity in the place to be searched; (2) ineffective assistance of trial counsel for failure to challenge the search warrant as lacking the requisite probable cause for issuance; and (3) "state failed to present any evidence to the jury that defendant had a prior qualifying conviction involving a firearm. Court error in sentencing by not imposing sentences in order in which offe[n]ses occurred." (Id. at 5, 7-8).

Respondent the Minnesota Department of Corrections filed its response on November 10, 2016, [Docket No. 6], and Johnson filed no reply.

## II.   STANDARD OF REVIEW

As a threshold matter, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for all § 2254 habeas actions. 28 U.S.C. 2244(d)(1). The one-year period begins on the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

If a habeas petition is timely filed, then "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA establishes that federal courts are to engage in a "limited and deferential review of underlying state court decisions." Mark v. Ault, 498 F.3d 775, 782-83 (8th Cir. 2007). Moreover, a federal court may not grant relief to a petitioner with respect to any claim that was adjudicated on the merits in state court unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts consider a state court decision "contrary to" precedent when a state court "arrives at a conclusion opposite to that reached by the [U.S. Supreme] Court on a question of law" or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. See, Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase "clearly established Federal law" refers to the holdings, but not the dicta, of United States Supreme Court opinions released prior to the date on which the state court issued its decision. See, Bobadilla v. Carlson, 570 F. Supp. 2d 1098, 1102-03 (D. Minn. 2008), aff'd, 575 F.3d 785 (8th Cir. 2009). An "unreasonable application" of federal law occurs when the state court identifies the correct governing legal rule but then applies it unreasonably to the petitioner's case. See, Williams, 529 U.S. at 408-09. A federal court "may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams, 529 U.S. at 411). The petitioner

6

"must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

Federal district courts may not conduct de novo review of a prisoner's constitutional claims. See, Yarborough v. Alvarado, 541 U.S. 652, 665 (2004). Rather, the AEDPA imposes a highly deferential standard which demands that the state court decisions be given the benefit of the doubt. See, Renico v. Lett, 559 U.S. 766, 773 (2010). When reviewing state court decisions, a "federal court also presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000). A petitioner can only rebut this presumption by "clear and convincing evidence." Id.; 28 U.S.C. § 2254(e)(1).

A federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal law errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365–66 (1995) (per curiam); Lundy, 455 U.S. at 518–19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

### III.   ANALYSIS

As a threshold matter, the Court finds that the Petition was filed within the 1-year statute of limitations established by the AEDPA. The Minnesota Supreme Court denied Johnson's petition for review on March 15, 2016. (Resp. Exh. 15, [Docket No. 7-2], 115). Johnson filed the

present Petition for Writ of Habeas Corpus on October 3, 2016, well within the 1-year limitations period under the AEDPA. (Pet., [Docket No. 1]).

Nevertheless, a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state inmate unless the state inmate/petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 842. As set forth above, to satisfy this exhaustion requirement, Johnson must have presented his claims to the Minnesota Supreme Court. See, O'Sullivan, 526 U.S. at 845; Hamilton v. Roehrich, 628 F. Supp. 2d 1033, 1045 (D. Minn. 2009) ("When a State has two-tiered appellate review system, as does the State of Minnesota, a prisoner must exhaust both appellate levels before presenting his claims in Federal Court."). "In order to present a habeas claim to the state court, a prisoner must 'fairly present' not only the facts but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4 of the 2254 Rules.

Nor will a federal court entertain a petition for a writ of habeas corpus based upon grounds which have been procedurally defaulted by the petitioner. "A procedural default occurs when 'a state court has refused to review the complaint because the petitioner failed to follow reasonable state-court procedures.'" (Citation omitted.) Slocum v. Kelley, 854 F.3d 524, 531 n.3 (8th Cir. 2017). "In other words, if there is still a state court remedy available, a previously unraised habeas claim is 'unexhausted,' but if there is no state court remedy still available, then the claim is 'procedurally defaulted.'" (Citation omitted.) Isaacson v. State of Minn., No. 14-cv-4592 (JNE/JSM), 2016 WL 1714462, *14 (D. Minn. Jan. 11, 2016), report and recommendation adopted by 2016 WL 1651800 (D. Minn. April 26, 2016). "A federal court will only consider the

8

merits of a procedurally-defaulted federal claim if the petitioner 'can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition.'" (Citations omitted.) Hicks v. Hammer, No. 16-cv-1861 (JRT/HB), 2017 WL 1194724, *3 (D. Minn. March 31, 2017).

### A. Grounds One and Two – Ineffective Assistance of Counsel

In the present case, Respondent argues that Johnson's Sixth Amendment ineffective assistance of counsel claims asserted as Grounds One and Two in the present Petition are procedurally defaulted because Johnson's petition for review before the Minnesota Supreme Court did not sufficiently raise Sixth Amendment ineffective assistance of counsel claims and he is now time-barred from doing so. (Resp., [Docket No. 6], 13-14). As Johnson has filed no reply, he has not responded to this argument, nor has he presented any argument that if the claims are procedurally defaulted, this Court should nevertheless address them.

A review of Johnson's petition for review by the Minnesota Supreme Court, ([Docket No. 7-2], 92-118), corroborates Respondent's assertion. As set forth above, "[i]n order to present a habeas claim to the state court, a prisoner must 'fairly present' not only the facts but also the substance of his federal habeas corpus claim." Abdullah, 75 F.3d at 411. "In order to fairly present a federal claim to the state courts, the petitioner must have referred to '"a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state courts.'" McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Ia., 53 F.3d 199, 200-01 (8th Cir. 1995)). "[P]resenting a claim to the state courts that is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Abdullah, 75 F.3d at 412.

Johnson's petition for review by the Minnesota Supreme Court did not refer to the Sixth Amendment, it did not refer to a federal constitutional right to effective assistance of counsel,[1] and it did not refer to any state cases raising or addressing the Sixth Amendment right to effective assistance of counsel.[2]

The Court recognizes that all of the cases cited in Johnson's petition for review by the Minnesota Supreme Court addressed Fourth Amendment search-and-seizure issues and that Johnson claimed throughout the relevant postconviction proceedings in Minnesota state district court and before the Minnesota Court of Appeals that his trial counsel was unconstitutionally ineffective due to the failure to raise Fourth Amendment challenges to the search warrant for Johnson's property. (See, Amended Petition for Postconviction Relief, [Docket No. 7-1], 14-22; Order Denying Petition for Postconviction Relief, [Docket No. 7-1], 99, 102-09; Appellant's Brief, [Docket No. 7-1], 111, 112-13, 118, 121, 135-154). However, the United States Supreme Court has disapproved of the practice of looking to prior arguments by a federal habeas petitioner in order to determine whether the petitioner fairly presented his or her federal claim to the highest state court available. The United States Supreme Court stated:

---

[1] The Court notes that Johnson's petition for review identified the Minnesota Court of Appeals' ruling the Johnson's trial counsel was not ineffective as the ruling on which Johnson sought review by the Minnesota Supreme Court. (See, [Docket No. 7-2], 92-93). However, in this section of his petition for review, Johnson did not identify the Sixth Amendment to the United States Constitution as the basis for his claim, and the Court notes that Article I, § 6 of the Minnesota Constitution also guarantees effective assistance of counsel. It is not clear from Johnson's petition for review that he was asserting a federal-law-based claim, rather than a claim based upon the Minnesota state constitution.

[2] Johnson's petition for review by the Minnesota Supreme Court cited the following cases, none of which decided Sixth Amendment ineffective assistance of counsel issues: State v. Yarbrough, 841 N.W.2d 619 (Minn. 2014) (appeal from order on motion to suppress); State v. Gail, 713 N.W.2d 851 (Minn. 2006) (multiple issues on appeal but none regarding ineffective assistance of counsel); State v. Harris, 589 N.W.2d 782 (Minn. 1999) (appeal from order on motion to suppress and arguing insufficient evidence to support the conviction); State v. Souto, 578 N.W.2d 744 (Minn. 1998) (appeal from order on motion to suppress); State v. Pierce, 358 N.W.2d 672 (Minn. 1984) (appeal from order on motion to suppress and arguing insufficient evidence to support the conviction); State v. Gonzales, 314 N.W.2d 825 (Minn. 1982) (appeal from order on motion to suppress); State v. Mathison, 263 N.W.2d 61 (Minn. 1978) (appeal from order on motion to suppress); and State v. Kessler, 470 N.W.2d 536 (Minn. App. 1991) (cross-appeals on order on motion to suppress and order denying defendant's motion to dismiss the complaint for lack of probable cause). (Resp. Exh. 13, [Docket No. 7-2], 98-99, 101-02).

> [T]o say that a petitioner "fairly presents" a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions—for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance. In our view, federal habeas corpus law does not impose such a requirement.

Baldwin v. Reese, 541 U.S. 27, 31 (2004). The United States Supreme Court noted that such a requirement "would force state appellate judges to alter their ordinary review practices," particularly those courts which exercise a discretionary power of review and "may decide a legal question on the basis of the briefs alone." Id. In addition, such a requirement would "significantly increase[]" the already heavy workloads of state appellate court judges because they would have to read through lower-court opinions or briefs in every case seeking review. Id. at 31-32. Finally, mandating that litigants who wish to raise a federal issue must indicate the federal-law basis for such claims in order to preserve the claims for potential later federal habeas review does not impose an unreasonable procedural burden. Id. at 32. Thus, the United States Supreme Court held:

> [O]rdinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

Id.

Grounds One and Two of Johnson's Petition for a Writ of Habeas Corpus assert ineffective assistance of his trial counsel for failure to challenge the search warrant obtained by Sergeant Lambie. ([Docket No. 1], 5, 7). The federal-law basis for an ineffective assistance of counsel claim is the Sixth Amendment to the United States Constitution. "To establish ineffective assistance of counsel [in violation of the Sixth Amendment], a petitioner must show both that (1) his counsel's performance was deficient, or that it 'fell below an objective standard of reasonableness,' and also that (2) 'the deficient performance prejudiced the defense.'"

11

Bahtuoh v. Smith, 855 F.3d 868, 871 (8th Cir. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

In his petition for review by the Minnesota Supreme Court, Johnson did not ever reference the Sixth Amendment, he did not ever set forth the test for ineffective assistance of counsel under the Sixth Amendment, he did not ever cite any cases (state or federal) involving analysis of the Sixth Amendment's guarantee of effective assistance of counsel, and he did not ever argue that both prongs of the test for federally unconstitutional ineffective assistance of counsel were met in the present case. Instead, Johnson argued only that the search warrant used to obtain the evidence admitted against him at trial was unconstitutionally defective.

Moreover, because Johnson could have raised his Sixth Amendment claims in his petition for review by the Minnesota Supreme Court, but he did not. Johnson is now prohibited from raising a Sixth Amendment ineffective assistance of counsel claim in state court in the future. See, State v. Knaffla, 309 Minn. 246, 243 N.W.2d 737, 741 (Minn. 1976) ("[W]here a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). Although there are exceptions to this general rule, Johnson does not assert that any of them apply here. Therefore, because Johnson failed to fairly present a Sixth Amendment claim to the Minnesota Supreme Court in his petition for review, and the time for presenting such a claim is now past, Johnson has procedurally defaulted his claims for federal habeas based upon the Sixth Amendment. Again, Johnson has asserted no good cause to overcome such default.

Accordingly, this Court recommends that Grounds One and Two as asserted in the Petition for Writ of Habeas Corpus, [Docket No. 1], be **dismissed with prejudice.**[3]

---

[3] See, Armstrong v. Ia., 418 F.3d 924, 926-27 (8th Cir. 2005) (finding that dismissal with prejudice is appropriate where federal habeas petitioner is procedurally barred from raising unexhausted claims in state court).

B. **Ground Three – Sentencing Challenges**

In his third asserted ground for federal habeas relief, Johnson asserts: "Sentencing error by District court – state failed to present any evidence to the jury that defendant had a prior qualifying conviction involving a firearm. Court error in sentencing by not imposing sentences in order in which offe[n]ses occurred." (Pet., [Docket No. 1], 8). Johnson raised identical claims to the Minnesota Court of Appeals. (Resp. Exh. 12, [Docket No. 7-2], 90). The Minnesota Court of Appeals agreed with Johnson that the state district court had erred by imposing the sentences in an incorrect order, and the Minnesota Court of Appeals therefore "reverse[d] Johnson's sentence and remand[ed] for the district court to resentence the offenses in the order in which they occurred." (Id.). Because the Minnesota Court of Appeals was remanding for resentencing on that ground, it declined to address Johnson's challenge to the sufficiency of evidence to support a finding that Johnson had a prior qualifying conviction involving a firearm to trigger a mandatory-minimum sentencing requirement under Minnesota state law. (Id.).

Johnson was re-sentenced in Minnesota state district court on August 25, 2016, pursuant to the remand by the Minnesota Court of Appeals. (Resp., [Docket No. 6], 12). Under Minnesota Rule of Criminal Procedure 28.05, Subd. 1, Johnson had 90 days after sentencing in which to file his notice of appeal with the clerk of the appellate courts. There is no indication in the record now before the Court that Johnson timely appealed from his August 25, 2016, resentencing. Therefore, to the extent that Johnson seeks in his current Petition for Writ of Habeas Corpus to challenge the new sentence he received on August 25, 2016, Johnson has procedurally defaulted this claim as well since he did not appeal it in the Minnesota state court system, and he is now time-barred from doing so.

Similarly, to the extent that Johnson seeks to challenge the Minnesota Court of Appeals' decision to decline to address the additional sentencing challenge (to the sufficiency of the evidence in support of finding a prior conviction involving a firearm) raised in his initial direct appeal, Johnson did not appeal that decision in his petition for review by the Minnesota Supreme Court; accordingly, he is barred from doing so now. See, Knaffla, 243 N.W.2d at 741 ("[W]here a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). In addition, since Johnson has been re-sentenced and no subsequent appeal therefrom was timely taken, there is nothing in the record now before this Court to show that this purported sentencing error still exists.

Accordingly, this Court recommends that Ground Three as asserted in the Petition for Writ of Habeas Corpus, [Docket No. 1], be **dismissed with prejudice.**[4]

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Johnson's current habeas corpus petition differently than it is being treated herein. Johnson has not identified, and this Court cannot discern, anything novel,

---

[4] See, Armstrong v. Ia., 418 F.3d 924, 926-27 (8th Cir. 2005) (finding that dismissal with prejudice is appropriate where federal habeas petitioner is procedurally barred from raising unexhausted claims in state court).

noteworthy, or worrisome about this case that would warrant appellate review. It is therefore recommended that a COA in this matter should not be granted.

### III. CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED;**

2. This action be **DISMISSED with prejudice;** and

3. No certificate of appealability be granted**.**

Dated: June 14, 2017
                    s/Leo I. Brisbois
                    The Honorable Leo I. Brisbois
                    United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).